UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.

CIVIL ACTION NO. 2:09-0177
(Criminal No. 2:04-00011)

CHRISTOPHER J. MULLINS

MEMORANDUM OPINION AND ORDER

This action was previously referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to the court of her Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636.

On January 30, 2004, the United States Attorney filed an indictment accusing movant of (1) the September 15, 2003, robbery of $12,700 from the Whitesville State Bank, and assaulting a bank employee by use of a dangerous weapon, in violation of 18 U.S.C. § 2113(a) and (d) (Count One), and (2) the use and carrying of a handgun during and in relation to a crime of violence, namely, aggravated bank robbery, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two).

On May 27, 2004, the jury convicted movant on both counts. The court sentenced movant, inter alia, to a total term of 135 months of imprisonment, followed by a five-year term of

supervised release. Movant noticed his appeal of the Judgment, and the court of appeals affirmed. Movant did not thereafter petition for a writ of certiorari.

On February 23, 2009, movant sought relief pursuant to 28 U.S.C. § 2255. He asserts three grounds as follows:

> A. THE DISTRICT COURT ERRED WHEN IT FAILED TO ALLOW PETITIONER TO HAVE RETAINED COUNSEL OF CHOICE[;]
>
> B. [MOVANT] WAS REFUSED HIS CHOICE TO PLEAD GUILTY, DUE TO APPOINTED COUNSEL'S CONFLICT OF INTEREST[; AND]
>
> C. RETAINED AND APPOINTED COUNSEL BOTH WERE INCOMPETENT AND THEIR PERFORMANCE WAS PREJUDICIAL WHEN THEY FAILED TO RAISE THE FACT THAT PETITIONER HAD A CONSTITUTIONAL RIGHT TO COUNSEL OF CHOICE.

(Sec. 2255 Mot. at 3).

On September 21, 2010, the magistrate judge appointed Thomas J. Gillooly to represent movant. On December 1, 2010, the magistrate judge conducted an evidentiary hearing. Four days later Mr. Gillooly filed a corrected memorandum of law clarifying the aforementioned grounds for relief:

> The grounds for Movant's motion under 28 U.S.C. § 2255 can be separated into two basic categories: his claims related to the District Court's handling of his effort to substitute retained counsel for appointed counsel; and his claim that, during his trial, he told his public defender that he wanted to plead guilty and that his public defender failed to so advise the Government or the Court. The latter appears to be primarily a question of fact. The former is a question of law because the relevant facts are matters of record and are undisputed.

(Corr. Mem. of Law at 1).

On December 28, 2010, the magistrate judge filed her PF&R. Respecting Grounds One and Three, she recommends a finding that movant received counsel of his choosing and that his lawyers, Mr. Desautels and Mr. Bryant, and presumably counsel on appeal as well, Benjamin L. Bailey and Rodney A. Smith, consequently did not render deficient representation in not arguing a deprivation of that right.[1] Respecting Ground Two, the magistrate judge discusses the witness testimony at length, recommends crediting the testimony of trial counsel for the movant and the United States, discrediting the testimony of the movant and his family members, and offering a series of findings culminating in the recommendation that no relief be granted on Ground Two.

After receiving an extension of time until January 24, 2011, movant, by counsel, objected to both recommendations. Respecting Grounds One and Three, movant's novel assertion is

---

[1]Inasmuch as movant additionally appears to assert that it was error to deny newly retained counsel's continuance request, the magistrate judge recommends as follows:

> The undersigned proposes that the presiding District Judge further FIND that it was not an abuse of discretion to deny Mr. Bryant's motion for a continuance in light of the two prior continuances, the late filing of the motion, and the satisfaction of Defendant with representation by his retained counsel of choice and Mr. Desautels.

(PF&R at 13-14).

that "counsel of choice was Ben Bryant. . . . not Michael Desautels, joined -- at the last minute, and unprepared -- by Ben Bryant." (Objecs. at 4). The primary difficulty with this contention is that it conflates the issues respecting choice of counsel and the denial of a continuance. The separate issue respecting the continuance has nothing to do with the choice of counsel.

When the unrelated continuance ruling is stripped away, the essence of movant's objection is that he was denied counsel of his choosing based upon Mr. Desautels remaining in the case with Mr. Bryant. But that was movant's precise wish, expressed to the court twice following an extended private discussion with Mr. Desautels and Mr. Bryant:

> THE COURT: It seems to me that with expert counsel already in the case, that there's no need to continue the trial. The Court is satisfied to have Mr. Desautels and Mr. Bryant as counsel in the case if that be the defendant's wish insofar as Mr. Bryant's presence is concerned. . . .
>
> . . . .
>
> [PRIVATE CONSULTATION BETWEEN COUNSEL AND MOVANT.]
>
> . . . .
>
> MR. DESAUTELS: I just want the record to be clear, Your Honor. It's my understanding that there will be two defense counsel for Mr. Mullins, just so the Court knows and the record is clear, <u>that's my understanding of Mr. Mullins' decision here</u>, so there would be two of us, Mr. Bryant and I. . . . [I]t's my understanding that Mr. Mullins, given that I'm still [in] the case,

Mr. Mullins wants Mr. Bryant in the case, to me, it's understood there will be two defense counsel. If the Court is okay with that, I just want to make sure we're all right.

THE COURT : I'm satisfied with that if Mr. Mullins is.

THE DEFENDANT : Yes, I am.

THE COURT : Is that satisfactory to you, Mr. Mullins?

THE DEFENDANT: Yes.

(Trans of Hrg. at 6, 8 (May 20, 2004) (emphasis added)).

Movant could not have more clearly expressed his desire to proceed with the two lawyers at his disposal. Inasmuch as he expressed that desire, again not once but twice, there is no basis for asserting he was deprived of counsel of his choice.[2]

---

[2]Movant has sought to recommit the case to the magistrate judge "to take evidence related to [his] . . . claim that he was denied his Sixth Amendment right to counsel of choice . . . ." (Cond. Mtn. to Recommit Case at 1). There is no basis for recommittal. Movant's position about proceeding to trial was quite plain. The record requires no elucidation by way of post hoc explanation.

The same observation serves to distinguish United States v. Gonzalez-Lopez, 548 U.S. 140 (2006), and Rodriguez v. Montgomery, 594 F.3d 548, 549 (7th Cir. 2010), two cases upon which movant relies. The Gonzalez-Lopez decision involved the denial of a retained attorney's request to proceed pro hac vice during the course of representing a defendant. The decision in Rodriguez involved the disqualification of one of the defendant's retained lawyers. Neither situation is analogous to the circumstances here, where movant was allowed to proceed with counsel of his choosing.

It is for this same reason that movant misapplies United States v. Mullen, 32 F.3d 891 (4th Cir. 1994). In Mullen, defendant moved to have her retained lawyer replaced by a court-appointed advocate. The district court denied the request. Ms. Mullen was thus denied counsel of her choosing. Inasmuch as movant here was accorded the counsel of his choice, the court had no occasion in 2004, nor at this time, to undertake the Mullen factoring analysis applicable in those instances where a motion for substitution of counsel is denied.

The same is also true respecting movant's follow-on assertion that the court should have inquired further respecting whether movant was dissatisfied with Mr. Desautels. There was no need for that colloquy inasmuch as movant expressed his desire to proceed to trial with both lawyers. If movant felt otherwise, he was obliged to give some indication to the court at the time.

Based upon all of the foregoing reasons, the court concludes that movant's objections are not meritorious.

Respecting Ground Two, movant concedes that the credibility issues involved are "a matter largely committed to the discretion and judgment of the fact finder." (Objecs. at 11). The magistrate judge's thorough recitation of the evidentiary record, along with the reasoned bases for her

**proposed credibility findings, are unassailable. The court concludes that movant's objections are not meritorious.**

**Based upon a de novo review, and having found the objections meritless, the court adopts and incorporates herein the magistrate judge's PF&R. The court, accordingly, ORDERS that this action be, and it hereby is, dismissed.**

**The Clerk is directed to forward copies of this written opinion and order to the United States Magistrate Judge, movant, and all counsel of record.**

**DATED: April 28, 2011**

John T. Copenhaver, Jr.
United States District Judge